# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SANCHEZ,<br><br>         Plaintiff,<br><br>   v.<br><br>BITER, et al.,<br><br>         Defendants. | **Case No. 1:18-cv-00966-SKO (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 9)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**Clerk of Court to Assign a District Judge** |

## I. Findings

### A. Background

Plaintiff, John M. Sanchez, is a state prisoner proceeding *pro so* in this civil rights action pursuant to 42 U.S.C. § 1983. Before Plaintiff's Complaint was screened, he filed a First Amended Complaint which is before the Court for screening.[1] (Doc. 9.) Plaintiff's allegations do not state any cognizable claims and leave to amend need not be granted because Plaintiff will not be able to state a cognizable claim based on the events alleged in this action. This action should be dismissed.

/ / /

---

[1] An amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

### B.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint must be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.     Summary of the First Amended Complaint

Plaintiff, who is currently housed at California State Prison, Corcoran ("CSP-Cor"), names Jorge Cobos, I.W.L. State Employee, Dr. Gill, and Warden M. Biter, as Defendants in this action. Plaintiff's allegations are very brief. In Claim 1, Plaintiff contends his civil right has allegedly been violated as follows: "Cause of Action; My free staff state employee made a

negligent decision to move a stack of 20 sheets of sheet rock at one time which he dropped. In turn yanked my arm, tore my rotator cuff, separated my clavicale which required surgery." (Doc. 9, p. 3.) Under supporting facts Plaintiff writes: "I.W.L. Construction free staff did not properly train me before having moved 20 sheets of sheet rock at one time." (*Id.*) Plaintiff seeks compensation for his pain and suffering, the scars on his body, future damages and loss of wages. (*Id.*, at p. 5.) Plaintiff attaches several pages of exhibits which confirm that this was a work related accident that, at most, occurred as a result of negligence, which is not actionable under § 1983. Plaintiff may be able to pursue his claims in a negligence action under California law, or before a Workers' Compensation Appeals Board, but he cannot state a cognizable claim for violation of his federal rights without fabrication, which justifies dismissal.

### D. <u>Pleading Requirements</u>

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**E.  Claims for Relief**

    **1.  Eighth Amendment**

        **a.  Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to set forth a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,

503 U.S. 1, 9 (1992).  Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard*, 887 F.2d at 137.  Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each alone would not suffice, but only when they have a combined effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.  *Wilson*, 501 U.S. at 304-05(comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when prisoners are confined in small cells almost 24 hours per day), with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners had access to dayroom 18 hours per day)).  To say that some prison conditions may interact in this fashion, is far from saying that all prison conditions are a seamless web for Eighth Amendment purposes.  *Id.*  Amorphous "overall conditions" cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.  *Id.*  Further, temporarily unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations.  *See Anderson*, 45 F.3d 1310, *ref. Hoptowit*, 682 F.2d at 1258 (*abrogated on other grounds by Sandin*, 515 U.S. 472 (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)).

Objectively, the scenario presented in Plaintiff's exhibits does not rise to the level of a constitutional violation.  Plaintiff's exhibits establish that there were 20 sheets of sheetrock leaning on the wall which State Employee Cobos wanted to straighten up.  Cobos held one end of the stack, another inmate held other end of the stack, and Plaintiff was asked to balance the stack in the middle.  Unfortunately, the sheets fell.  Their weight was too much for Cobos to hold, which in turn caused the other inmate's fingers to get smashed, and shifted the weight of the all the sheets of sheet rock to Plaintiff.  Plaintiff was not directly impacted by the sheets of sheet rock; the weight was simply too much for Plaintiff to balance, thereby injuring his shoulder.  (*See* Doc. 9, pp. 8, 13, 14.)

Subjectively, if Plaintiff were able to show an objective deprivation, he must also show that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Wilson*, 501 U.S. at 303; *Labatad*, 714 F.3d at 1160; *Johnson*, 217 F.3d at 733. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). Plaintiff cannot show Cobos knew of and disregarded an excessive risk to Plaintiff's safety because Cobos moved the sheets of sheet rock along with Plaintiff and the other inmate. Since Cobos was engaged in the same physical activity as Plaintiff (which resulted in injury to Plaintiff), Plaintiff cannot show that Cobos had a sufficiently culpable state of mind toward Plaintiff's safety to state a cognizable claim under the Eighth Amendment.

### b. Deliberate Indifference to Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in "'significant injury or the unnecessary and wanton infliction of pain.'"" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second,

the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's shoulder injury is accepted as a serious medical need.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate indifference claim, a plaintiff must also show that harm resulted from the defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury). Plaintiff's allegations fail to show that any of the named defendants knew that Plaintiff required medical care and were indifferent to securing care for him. On the contrary, Plaintiff's exhibits show that the work incident occurred on December 27, 2017, (Doc. 9, p. 8), radiographs were taken of his shoulder that same day (*id.*, p. 9), an MRI was performed on March 5, 2018, (*id.*, p. 10), and Plaintiff had surgery on April 23, 2018, (*id.*, p. 11-12).

First, Plaintiff fails to link any named Defendant to any actions regarding the medical care and treatment he received for his shoulder. Further, although Plaintiff seeks compensation for his scars and resultant disability, he does not state any allegations that even suggest it was the medical care—not the incident where Plaintiff was injured as a part of his job—that caused his alleged disability. Even leniently construed, the relief Plaintiff seeks is clearly related to and caused by his work injury. Indeed, Plaintiff's exhibits show that only four months passed between his injury and surgery, during which radiological tests were performed. This is not beyond the timelines for scheduling shoulder surgery for people who are not incarcerated.

## 2. Supervisory Liability

Plaintiff appears to have named Warden Biter as a Defendant simply because he holds a supervisory position. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Here, neither Plaintiff's allegations, nor his exhibits, show that Warden Biter had any involvement in the event that led to Plaintiff's injury.

### a. Action or Inaction Claims

"A supervisory official is liable under § 1983 so long as 'there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). "The requisite causal connection can be established ... by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207-08 (internal quotation marks and citations omitted) (alterations in original). Thus, a supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Keates*, 883 F.3d at 1243 (quoting *Starr*, 652 F.3d at 1208). As discussed above, the circumstances of which Plaintiff complains do not amount to a constitutional deprivation. Thus, neither an action, nor an inaction claim is cognizable against Warden Biter.

### b. Policy Claims

To state a policy claim, a plaintiff must allege facts that show supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality sued under § 1983 is not subject to vicarious liability for the acts of its agents: it is only liable when the "execution of a government's policy or custom . . . made by . . . those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001) (citing *Monell* at 694; *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("A municipality

may not be held liable under § 1983 solely because it employs a tortfeasor . . . . We have consistently refused to hold municipalities liable under a theory of respondeat superior.")). An unconstitutional policy cannot be proven by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). In this instance, a single incident establishes a "policy" only when the decision-maker has "final authority" to establish the policy in question. *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988), citing *Pembauer v. City of Cincinnati*, 475 U.S. 469 (1986).

Further, "discrete wrongs – for instance, beatings – by lower level Government actors . . . if true and if condoned by [supervisors] could be the basis for some inference of wrongful intent on [the supervisor's] part." *Iqbal*, 556 U.S. at 683. The Ninth Circuit has held that, where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based on the supervisor's knowledge of and acquiescence in unconstitutional conduct by others. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). A fundamental premise of this form of liability requires that the actions or inaction by subordinate staff amount to a cognizable claim for violation of a plaintiff's constitutional rights and that the supervisorial defendant have knowledge of such conduct. As discussed above, the circumstances of which Plaintiff complains do not amount to a constitutional deprivation. Thus, a policy claim is not cognizable against Warden Biter.

### 3.    State Law Claim - Negligence

### a.    Government Claims Act

Under the California Government Claims Act ("CGCA"),[2] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board

---

[2] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using "Government Claims Act" rather than "California Tort Claims Act").

acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal*., 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn. omitted).

Federal courts likewise must require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008). Plaintiff fails to state any allegations which establish compliance with the CGCA, to be permitted to pursue negligence claims under California law in this action.

### b.      Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under §

1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is

discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district

court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .

the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman

Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v.

Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal

claim, district court has discretion to decline supplemental jurisdiction over novel or complex

issue of state law of whether criminal statutes give rise to civil liability). The Supreme Court has

cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be

dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). If

Plaintiff had complied with the CGCA, jurisdiction over his negligence claim under California

law would only be exercised while he has federal claims pending. However, since Plaintiff is

unable to state a cognizable federal claim, the Court should not exercise jurisdiction over his

negligence claim under California law.

## II.     **CONCLUSION**

Plaintiff's First Amended Complaint fails to state any cognizable claims. Plaintiff should

not be granted leave to amend as the defects in his pleading are not capable of being cured

through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed with

prejudice based on Plaintiff's failure to state a cognizable claim. The Clerk of the Court is

directed to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21

days** after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 8, 2019**                                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE