UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BITER, *et al.*,<br><br>    Defendants. | No. 1: 18-cv-00966-DAD-SKO<br><br><u>ORDER GRANTING MOTION FOR RECONSIDERATION, VACATING ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND JUDGMENT ENTERED ON MAY 28, 2019, AND PERMITTING PLAINTIFF TO FILE OBJECTIONS WITHIN TWENTY-ONE DAYS</u><br><br>(Doc. No. 15) |

    Plaintiff John M. Sanchez ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On March 11, 2019, the assigned magistrate judge issued a screening order addressing plaintiff's first amended complaint ("FAC"). (Doc. No. 11.) The magistrate judge's findings and recommendations found that plaintiff's allegations did not state any cognizable claims and recommended that the FAC be dismissed with prejudice. (*Id.* at 1.) On May 28, 2019, this court issued an order adopting findings and recommendations that dismissed this action with prejudice due to plaintiff's failure to state a cognizable claim. (Doc. No. 13.) At the time the findings and recommendations were adopted, plaintiff had not filed objections thereto, and the period to file objections had passed. (*Id.* at 1.)

/////

1

On June 4, 2018, plaintiff filed a notice directed to the Clerk of the Court, stating that he received the order adopting the findings and recommendations, but that he never received the initial findings and recommendations that were issued by the magistrate judge. (Doc. No. 15 at 1.) Plaintiff's notice asks if there is "anything [he] can do to re-file or not be disqualified from moving forward with [his] claim?" (*Id.*) The court construes plaintiff's notice as a motion for reconsideration and a request to file objections to the findings and recommendations.

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Based on plaintiff's representation that he never received the findings and recommendations and out of an abundance of caution and in the interest of justice, the court will

vacate the judgment and grant plaintiff an opportunity to file objections to the findings and recommendations.[1] *See Luna v. Vasquez*, No. CV F 05-1228 LJO DLB HC, 2008 WL 345868, at *1 (E.D. Cal. Feb. 6, 2008) (vacating judgment, because petitioner informed the court that he never received a copy of the findings and recommendations, and permitting petitioner an opportunity to object); *Kentz v. Ellis*, No. CV F 06-0166 AWI SMS HC, 2008 WL 2421632, at *1 (E.D. Cal. June 13, 2008) (same); *Nguyen v. Giurbino*, No. 05CV2287 WQH (WMC), 2007 WL 3407364, at *2 (S.D. Cal. Nov. 14, 2007) (granting Rule 60(b) motion, because petitioner contended that he never received a copy of the report and recommendation and therefore had no opportunity to file objections, and permitting petitioner an opportunity to object).

Accordingly,

1. The court's order, adopting findings and recommendations and dismissing the action with prejudice, issued on May 28, 2019 (Doc. No. 13) is vacated;
2. Within twenty-one (21) days from the date of service of this order, plaintiff may file objections to the findings and recommendations (Doc. No. 11); and,
3. Failure to file timely objections will result in a final order adopting the findings and recommendations and dismissing the action with prejudice.

IT IS SO ORDERED.

Dated: **June 14, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] The findings and recommendations were served by mail on plaintiff at his then address of record on March 11, 2019 and were not returned to the court as undeliverable. On May 23, 2019, plaintiff filed a Notice of Change of Address with the court. (Doc. No. 12.)